FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2019 SEP -9  PM 1: 24

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEBRASKA

Allison J. Schneider,

              Plaintiff,

vs.

Cenergistic LLC,

              Defendant.

Case No.: __4:19 cv 3088__

**COMPLAINT AND
REQUEST FOR JURY TRIAL**

COMES NOW the Plaintiff and for her Complaint states as follows:

## PARTIES:

1.      Plaintiff is an individual and resident of the City of Lincoln, Lancaster County, Nebraska.

2.      Defendant Cenergistic LLC ("Cenergistic") is a foreign limited liability company with home offices in Texas and authorized to conduct business in the State of Nebraska and is doing business in Lincoln, Nebraska.

3.      All administrative prerequisites have been satisfied. Plaintiff received a right to sue letter from the EEOC mailed on June 11, 2019 and received June 13, 2019, a copy of which is attached hereto and incorporated by reference herein.

4.      Plaintiff received a right to sue letter from the Nebraska Equal Opportunity Commission dated July 19, 2019, a copy of which is attached hereto and incorporated by reference herein.

1

5.     This Complaint is filed pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq., 42 U.S.C. §1981(a) et seq., The Americans with Disabilities Act, 42 U.S.C. §12101 et seq., Equal Pay Act, 29 U.S.C. §206(d) et seq., and the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. §48-1101 et seq.

6.     Defendant employs more than fifteen (15) employees.

7.     The Court has jurisdiction of the individual tort claim under the doctrine of pendent jurisdiction.

8.     Jurisdiction and venue in this Court are proper.

## BACKGROUND FACTS:

9.     Plaintiff began working for Defendant on January 1, 2019 at the University of Nebraska – Lincoln City Campus. Her most recent position was an "energy specialist".

10.     During her hiring process, Plaintiff was offered an annual salary of $65,000.00 base pay with no travel allowance. The compensation package included ten (10) days of paid time off in the calendar year in which she was hired and fifteen (15) days of paid time off in each subsequent calendar year. The offer letter, signed by Mr. Tony Erickson, Executive Vice President of Services and Operations, states that up to ten (10) days of paid time off may be carried over from one year to the next.

11.     Plaintiff requested a base pay of $68,000.00 with fifteen days of paid time off. The request was denied by the Defendant. Mr. Alfred Ray, Vice President of Talent Acquisition, instructed Plaintiff to not discuss her salary with her co-workers and not to tell her co-workers her base salary.

12.     On or about January 7 or 8, 2019, Plaintiff worked with Mr. Ian Hawkins at a job site at the University of Nebraska campus. Mr. Hawkins told the Plaintiff that he received a

2

travel allowance of $1,000.00 in addition to his base salary. Mr. Hawkins told the Plaintiff that another co-worker, Mr. Antonio Hoover, received a travel allowance of $2,500.00 in addition to his base salary. Mr. Hoover later confirmed that he received a travel allowance in addition to his base salary.

13.    Plaintiff was also informed by Energy Specialist John Khong that he received a travel allowance. Mr. Khong's work for Defendant was performed at the University of Nebraska, Omaha Campus.

14.    Mr. Khong, Mr. Hawkins and Mr. Hoover did not have to request a travel allowance. The travel allowance was offered to them.

15.    Plaintiff was not offered a travel allowance.

16.    On January 8, 2019, Plaintiff sent an email to Mr. Ray and Ms. Regina Kuehler, Energy Specialist Placement. In the email, Plaintiff expressed her concern that she was being treated differently than her male co-workers because she did not receive a travel allowance, but her male co-workers did.

17.    On January 10, 2019, Mr. Ray informed Plaintiff the travel allowance was given to employees when whose work included travel to a client location.

18.    On January 10, 2019, Mr. Ray instructed Plaintiff to travel to a client location.

19.    On January 17, 2019, Plaintiff sent an email to Ms. Melinda Caruso, executive assistant in the legal department, requesting information about company benefits for hearing aids.

20.    On February 22, 2019, after raising concerns about disparate treatment between her and her male co-workers, and after inquiring about hearing aids, Plaintiff received an email from Ms. Caruso rescinding that part of the offer letter permitting Plaintiff to carry over unused

3

paid time off. Ms. Caruso informed Plaintiff that she would not be permitted to carry over any unused paid time off.

21. On March 6, 2019, Plaintiff sent an email to Ms. Caruso and Vice President of Human Resources Jason Parker requesting an explanation of the Defendant's hiring practices and the disparate treatment between male and female Energy Specialists.

22. On March 8, 2019, Mr. Parker telephoned Plaintiff's personal cellular telephone.

23. On March 11, 2019, Mr. Parker sent an email to Plaintiff stating he had left a lengthy voicemail on her personal cellular telephone.

24. On March 12, 2019, Plaintiff asked that the communication between her and Mr. Parker be done by electronic mail due to her hearing disability.

25. Later that morning, on March 12, 2019, Mr. Parker refused to accommodate the Plaintiff's request to communicate be electronic mail.

26. In the afternoon of March 12, 2019, Mr. Parker again telephoned the Plaintiff on her personal cellular telephone. Due to her hearing disability, Plaintiff asked Mr. Parker to repeat himself several times. Mr. Parker ended the conversation, saying it was taking too long.

27. Plaintiff took notes during the March 12, 2019 telephone conversation for a contemporary record of the conversation. After the conversation, Plaintiff sent an email to Mr. Parker restating what was said during the conversation. Mr. Parker denied saying what the Plaintiff heard him say.

28. On March 14, 2019, Plaintiff sent an email to Mr. Parker again requesting to communicate through electronic mail. Plaintiff also requested a travel allowance of $2,500.00 because her male co-workers received travel allowances in a similar amount.

4

29.    In the March 14, 2019 email, Plaintiff attached her January 8, 2019 email to Mr. Ray in which she had expressed concerns that she was being treated differently than her male co-workers.

30.    On March 19, 2019, after any probationary period had lapsed, and five days after Plaintiff requested to be treated the same as her male co-workers, Defendant terminated Plaintiff. Plaintiff repeatedly asked why she was terminated, both verbally and through electronic mail, to Mr. Parker, Head Engineer Jack Bullock, and General Counsel Rebecca Ur. None of the Defendant's officers or employees told Plaintiff the reason for her termination.

31.    Plaintiff's former position was filled by a male individual with no disability.

32.    During her employment with Defendant, Plaintiff did not receive any disciplinary action or warnings against her, other than her termination.

33.    During her employment with Defendant, Plaintiff did not receive any negative reviews or negative statements about her work or performance.

34.    Male employees who were similarly situated were treated in a more favorable manner than Plaintiff.

35.    Plaintiff work required equal skill, effort, and responsibility as her male coworkers working under similar conditions.

36.    Non-disabled employees were treated in a more favorable manner than Plaintiff.

37.    Employees who did not report concerns or complaints about disparate treatment between male and female employees were treated more favorably than Plaintiff.

38.    The Plaintiff's sex was the motivating factor in the adverse employment decisions made by Defendant.

39.     The Plaintiff's disability was the motivating factor in the adverse employment decisions made by Defendant.

40.     The Plaintiff's complaints and reports of discriminatory and disparate treatment were the motivating factor in the adverse employment decisions made by Defendant.

## FIRST CAUSE OF ACTION:

## DISCRIMINATION BASE UPON SEX

41.     Plaintiff repeats the allegations set forth in Paragraphs 1 through 39 as though fully set forth herein.

42.     Plaintiff was discriminated against on the basis of sex by Defendant's disparate treatment of her compared to similarly situated male co-workers, including Defendant's refusal to offer or pay a travel allowance to the Plaintiff and terminating Plaintiff when she requested being treated the same as her male co-workers.

43.     Based upon this conduct, Plaintiff is entitled to back pay, front pay and/or reinstatement, compensatory damages, punitive damages, liquidated damages, and recovery of all costs and attorneys' fees and all other relief this Court may deem appropriate.

## SECOND CAUSE OF ACTION:

## RETALIATION

44.     Plaintiff repeats the allegations set forth in Paragraphs 1 through 42 as though fully set forth herein.

45.     Plaintiff's complaints and raising concerns to Mr. Ray, Ms. Kuehler, Mr. Parker, and Ms. Caruso about the disparate treatment between similarly situated male and female employees was the motivating factor in the adverse employment decisions made by the Defendant.

46.    Plaintiff was unlawfully retaliated against by Defendant for complaining about sex discrimination, as evidenced by the treatment she received, the timing of adverse action such as rescinding her ability to carry over paid time off, and her termination within days of making said complaints.

47.    Based upon this conduct, Plaintiff is entitled to back pay, front pay and/or reinstatement, compensatory damages, punitive damages, liquidated damages, and recovery of all costs and attorneys' fees and all other relief this Court may deem appropriate.

## THIRD CAUSE OF ACTION:

## DISABILITY DISCRIMINATION

48.    Plaintiff repeats the allegations set forth in Paragraphs 1 through 46 as though fully set forth herein.

49.    Plaintiff's hearing loss is a disability that substantially limits one or more of her major life activities.

50.    As such, Plaintiff is protected under the ADA under 42 U.S.C. §12102.

51.    Defendant knew of Plaintiff's disability.

52.    Plaintiff was a qualified individual who, with or without reasonable accommodations, could have performed all the essential functions of her job.

53.    Defendant failed to provide reasonable accommodation to the Plaintiff.

54.    At all times relevant, Defendant was aware of its duties and obligations under the aforementioned statute. Defendant's conduct was willful.

55.    The actions of Defendant, in failing to provide reasonable accommodations for Plaintiff's disability and terminating her employment because of her disability, violate the ADA.

56.     As a direct and proximate result of Defendant's violations, Plaintiff has suffered and continues to suffer inconvenience, increased stress, pain and suffering, lost wages and benefits, and incurred attorneys' fees.

57.     Defendant's actions were done willfully and/or with malice and/or reckless indifference to the federally protected rights of the Plaintiff. Punitive damages are appropriate.

### FOURTH CAUSE OF ACTION:

### "REGARDED AS" DISABILITY DISCRIMINATION

58.     Plaintiff repeats the allegations set forth in Paragraphs 1 through 56 as though fully set forth herein.

59.     Defendant regarded Plaintiff as having a disability as a result of her requesting information about whether employee benefits would cover hearing aids and requesting communication through electronic mail, and repeatedly asking Mr. Parker to repeat himself.

60.     As a result of Defendant regarding Plaintiff as having a disability, Defendant rescinded Plaintiff's right to carry over paid time off from one year to the next.

61.     As a result of Defendant regarding Plaintiff as having a disability, Defendant terminated Plaintiff.

62.     Plaintiff was a qualified individual who, with or without reasonable accommodations, could have performed all the essential functions of her job.

63.     At all times relevant, Defendant was aware of its duties and obligations under the aforementioned statutes. Defendant's conduct was willful.

64.     As a direct result of Defendant's refusal to permit Plaintiff to work a position which was available and of which Plaintiff was a qualified individual who, with or without reasonable accommodations, could have performed all of the essential functions of her job,

Plaintiff has suffered and continues to suffer inconvenience, increased stress, pain and suffering, lost wages and benefits, and incurred attorneys' fees.

65.     Defendant's actions were done willfully and/or with malice and/or reckless indifference to the federally protected rights of the Plaintiff. Punitive damages are appropriate.

## FIFTH CAUSE OF ACTION:

## FEPA SEX DISCRIMINATION

66.     Plaintiff repeats the allegations set forth in Paragraphs 1 through 64 as though fully set forth herein.

67.     Plaintiff was unlawfully discriminated against and terminated on the basis of her sex in violation of the Nebraska Fair Employment Practices Act.

68.     Based upon this conduct, Plaintiff is entitled to back pay, front pay and/or reinstatement, compensatory damages, punitive damages, liquidated damages, and recovery of all costs and attorneys' fees and all other relief this Court may deem appropriate.

## SIXTH CAUSE OF ACTION:

## FEPA DISABILITY DISCRIMINATION

69.     Plaintiff repeats the allegations set forth in Paragraphs 1 through 67 as though fully set forth herein.

70.     Plaintiff was unlawfully discriminated against and terminated on the basis of her disability in violation of the Nebraska Fair Employment Practices Act.

71.     Based upon this conduct, Plaintiff is entitled to back pay, front pay and/or reinstatement, compensatory damages, punitive damages, liquidated damages, and recovery of all costs and attorneys' fees and all other relief this Court may deem appropriate.

9

## SEVENTH CAUSE OF ACTION:

## FEPA RETALIATION

72.     Plaintiff repeats the allegations set forth in Paragraphs 1 through 70 as though fully set forth herein.

73.     Plaintiff was unlawfully terminated from her job in retaliation for reporting discrimination in violation of the Nebraska Fair Employment Practices Act.

74.     Based upon this conduct, Plaintiff is entitled to back pay, front pay and/or reinstatement, compensatory damages, punitive damages, liquidated damages, and recovery of all costs and attorneys' fees and all other relief this Court may deem appropriate.

## PRAYER FOR RELIEF:

WHEREFORE, based upon the facts set forth above, Plaintiff prays for judgment against Defendant as follows:

a)     Back pay for all lost wages, vacation pay, holiday pay, paid time off, sick pay, and loss of benefits;

b)     Front pay for four years and/or reinstatement to her position;

c)     All costs and attorneys' fees;

d)     Recovery of all compensatory damages;

e)     Recovery of punitive damages;

f)     Recovery of liquidated damages;

g)     Recovery of all damages allowed under the ADA;

h)     Recovery of all damages allowed under the Civil Rights Act of 1964;

i)     Recovery of all damages allowed under the Nebraska FEPA;

j)     Recovery of all costs expended in this action;

10

k)    All other relief the Court deems appropriate.

## REQUEST FOR JURY TRIAL:

Plaintiff hereby demands a jury trial on all issues in Lincoln, Nebraska.

Dated this __9__ day of September 2019.

ALLISON J. SCHNEIDER, Plaintiff

BY: _____

7011 W. McKelvie Rd.
Malcolm, NE 68402

11





## NEBRASKA EQUAL OPPORTUNITY COMMISSION

| | |
|---|---|
| Allison J. Schneider ,<br>　　Complainant, | )<br>) **ADMINISTRATIVE DISMISSAL**<br>) |
| vs. | )<br>)　　NEB 2-18/19-4-50396-RD<br>)　　EEOC 32E-2019-00404 |
| Cenergistic LLC,<br>　　Respondent. | )<br>)<br>)<br>) |

A determination has been made in the above-referenced matter before the Nebraska Equal Opportunity Commission. Pursuant to the **Nebraska Fair Employment Practice Act and the Equal Pay Act of Nebraska** the Rules and Regulations of the Nebraska Equal Opportunity Commission, the Commission has officially dismissed this charge.

Respondent is an employer within the meaning of the **Nebraska Fair Employment Practice Act and the Equal Pay Act of Nebraska**. Timeliness, referral and all other jurisdiction requirements have been met. Substantial weight has been accorded the decision of the U.S. Equal Employment Opportunity Commission.

The Commission has officially dismissed this charge because the evidence is insufficient to support the allegations of discrimination. The Commission has no appeal process for cases in which there is insufficient evidence to support the charge. This finding of **no reasonable cause** is the final determination of the Nebraska Equal Opportunity Commission and completes the Commission's handling of the charge. The deadline for filing an action directly in state district court under the Nebraska Fair Employment Practice Act is 90 days after the receipt of this notice.

Due to the complexity of the law, and other avenues of redress that may exist, you may wish to consult with an attorney.

Acting Executive Director　　　　　　　　JUL 19 2019
　　　　　　　　　　　　　　　　　　　　　　　Date

For the Commission　　　　　　　　　　　JUL 19 2019
　　　　　　　　　　　　　　　　　　　　　　　Date

MAIN OFFICE:

301 Centennial Mall, South ☐
PO Box 94934
Lincoln, NE 68509-4934
Phone: 402-471-2024
Fax: 402-471-4059
800-642-6112
www.NEOC.nebraska.gov

BRANCH OFFICES:

1313 Farnam-on-the-Mall ☐
Omaha, NE 68102-1836
Phone: 402-595-2028
Fax: 402-595-1205
800-382-7820

505A Broadway Suite 600 ☐
Scottsbluff, NE 69361-3515
Phone: 308-632-1340
Fax: 308-632-1341
800-830-8633

EEOC Form 161 (11/16)

| | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: Allison J. Schneider<br>1226 P Street, Ste 305<br>Lincoln, NE 68508 | From: Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue, Suite 905<br>Kansas City, KS 66101 |
|---|---|

| | ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|---|
| **EEOC Charge No.** | **EEOC Representative** | | **Telephone No.** |
| 32E-2019-00404 | James D. Dixon,<br>Investigator | | (913) 551-5842 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **back pay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Natascha DeGuire,
Area Office Director

JUN 1 1 2019

(Date Mailed)

Enclosures(s)

cc:   Jason Parker
      HR DIRECTOR
      CENERGISTIC
      5950 Sherry Lane
      Dallas, TX 75225