IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALLISON J. SCHNEIDER,<br><br>                   Plaintiff,<br><br>    vs.<br><br>CENERGISTIC LLC,<br><br>                   Defendant. | 4:19CV3088<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Transfer Or, Alternatively, Motion to Dismiss ([Filing No. 16](#)) filed by Defendant, Cenergistic, LLC. Plaintiff, pro se, did not respond to the motion. For the following reasons, the Court will grant Cenergistic's motion to transfer this case to the United States District Court, Northern District of Texas, Dallas Division.

## BACKGROUND

Plaintiff accepted an offer of employment with Cenergistic on December 20, 2018. ([Filing No. 17-2](#)). The offer letter signed by Plaintiff set forth her compensation, primary job duties and responsibilities, benefits and leave, schedule, and a section entitled "Miscellaneous," which contained the following provision:

> Once signed by both of us below, this is our agreement that: (1) this offer letter and your employment shall be governed by Texas law, without reference to conflict of laws principles; and, (2) **ANY LAWSUIT ARISING DIRECTLY OR INDIRECTLY OUT OF THIS LETTER OR OTHERWISE RELATED TO YOUR EMPLOYMENT, WILL BE LITIGATED IN A COURT OF COMPETENT JURISDICTION IN DALLAS COUNTY, TEXAS.**

([Filing No. 17-2 at p. 5](#))(emphasis in original). Plaintiff began her position with Cenergistic on January 1, 2019, at the University of Nebraska - Lincoln City Campus. Cenergistic terminated Plaintiff's employment on March 19, 2019. ([Filing No. 1](#)).

Plaintiff commenced this action against Cenergistic on September 9, 2019, under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act, and the Nebraska Fair Employment Practices Act, alleging sex and disability discrimination, and

retaliation. (Filing No. 1). Cenergistic has filed the instant motion to transfer this action to the United States District Court, Northern District of Texas, Dallas Division, asserting Plaintiff's claims are encompassed by the mandatory forum selection clause in Plaintiff's offer letter. Cenergistic alternatively moves to dismiss Plaintiff's claims for improper venue under Rule 12(b)(3), or, to dismiss Plaintiff's Section 1981, Equal Pay Act, and Nebraska Fair Employment Practices Act claims pursuant to Rules 12(b)(1) and (6). (Filing No. 16; Filing No. 17).

## ANALYSIS

Cenergistic moves to transfer venue under 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "When parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 63 (internal citation omitted). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999)(citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways:" (1) "First, the plaintiff's choice of forum merits no weight;" (2) the court "should not consider arguments about the parties' private interests" and may only consider "public-interest factors;" and (3) "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Atl. Marine*, 571 U.S. at 63-64.

The forum selection clause in this case provides, "Any lawsuit arising directly or indirectly out of this letter or otherwise related to your employment [] will be litigated in a court of competent jurisdiction in Dallas County, Texas." (Filing No. 17-2 at p. 5)(bold and capitalization removed). Plaintiff did not respond to the motion, and therefore does not argue that the forum selection clause is unjust, unreasonable, or otherwise invalid, and the Court find no basis to conclude the clause is unenforceable. See *M.B. Rests., Inc.*, 183 F.3d at 752. The Court also concludes the forum selection clause is mandatory, as it provides lawsuits arising from Plaintiff's employment "*will* be

litigated in a court of competent jurisdiction in Dallas County, Texas," which suggests exclusivity in that forum. (Filing No. 17-2 at p. 5)(emphasis added); see *Dunne v. Libbra*, 330 F.3d 1062, 1064 (8th Cir. 2003)(stating mandatory forum selection clauses use words such as "exclusive," "only," "must," or "any other terms that might suggest exclusivity."). The Court further finds the plain language of the forum selection clause encompasses Plaintiff's claims in this case, which arise out of her employment with Cenergistic, because the clause expressly applies to "Any lawsuit arising directly or indirectly out of this letter *or otherwise related to your employment*." See *Semi–Materials Co. v. MEMC Elec. Materials, Inc.*, 655 F.3d 829, 833 (8th Cir. 2011)(quoting *Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 529 (Tex. 1987))(stating under Texas law, "Contract language 'should be given its plain grammatical meaning unless it definitely appears that the intention of the parties would thereby be defeated.'"); see e.g., *Slater v. Energy Servs. Group Int'l, Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011)(concluding a forum-selection clause in plaintiff's contract for employment that "include[d] all claims arising directly or indirectly from the relationship evidenced by the contract" encompassed the plaintiff's Title VII discrimination claims). Finally, the Court finds there are no public-interest factors or "extraordinary circumstances unrelated to the convenience of the parties [that] clearly disfavor a transfer." See *Atl. Marine*, 571 U.S. at 52. Therefore, the Court concludes Cenergistic's motion to transfer should be granted, and that this case should be transferred to the United States District Court, Northern District of Texas, Dallas Division.

Having concluded that Cenergistic's motion to transfer venue should be granted, the Court will deny the balance of its motion to dismiss as moot, subject to reassertion after the case has been transferred. Upon consideration,

**IT IS ORDERED**:
1. Defendant's Motion to Transfer (Filing No. 16) is granted;
2. The case shall be transferred to the United States District Court, Northern District of Texas, Dallas Division;
3. The remainder of Defendant's motion is otherwise denied as moot, subject to reassertion after transfer; and
4. If no party files an objection to this Order on or before **January 17, 2020**, the Clerk of the Court shall take every action needed to accomplish the transfer and to terminate

this case for statistical purposes. Failure to timely object may constitute a waiver of any objection to this Order. See NECivR 72.2.

Dated this 2nd day of January, 2020.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge